The opinion of the court was delivered by
Tilghman, C. J.
This is a case in which judgment was entered on the award of arbitrators, under the “ act regulating arbitrations,” passed the 20th March, 1810. On the day appointed for the first meeting of the arbitrators, only one of them attended; who adjourned to another day, of which notice was given to the defendant. On the day to which the adjournment was made, the same arbitrator attended, but neither of the others. The attending arbitrator, (the defendant being absent) appointed two persons in the room of those who did not attend, and those three made the award on which judgment was entered. Three exceptions are taken to this award.
1. The first exception-is, that one arbitrator had no power to make an adjournment at the first meeting. It is provided by the 9th section of “ the act regulating arbitrations,” that if any arbitrator or arbitrators shall refuse or neglect to attend, a majority of the whole number of arbitrators may appoint a competent number in place of those who are absent, and the arbitrators thus appointed, shall have the same authority as if they had been originally appointed. If the case rested on this section, not less than a majority of the persons originally appointed, would have had power to appoint others in the place of those who were absent. But, by the 18th section, it is enacted, that if a majority shall not attend on the day appointed, the arbitrator or arbitrators attending shall appoint a number of suitable persons in the place of those absent, and if but one of the parties be present, the arbitrator or arbitrators present, shall appoint such persons to supply the vacancy, without consulting the party attending. By virtue of the 18th section then, the single arbitrator who attended at the time appointed for the first meeting, might then have appointed two persons in the room of *289 the two who did not attend. But instead of making an appointment then, he adjourned to another time. It is true that the act does not expressly give power to adjourn, but the construction has been, that an adjournment may be made. It was decided by this court in the case of Eckhart v. Sheets, (Chambersburg.) In that case, but two of the arbitrators met on the day appointed, and adjourned to another day, when they again met, and appointed another person in the place of him who was absent. This proceeding was held good, although it was objected, that the two who met on the first day, had no power to adjourn. The only difference between that case and the one before us, is, that there, a majority of the arbitrators made ,the adjournment, but here, only one of them. That difference, however, is immaterial, because neither in the one ease or the other, did the act give an express power to adjourn, but the power of appointing new persons in the place Of those who did not attend was vested either in a majority of the whole number, if a majority attended, or in a single one, if only one attended; so that the same reason which induced the court to be of opinion, that there was an implied pow-er of adjournment in a majority of the arbitrators, must apply to the case where only one attends. The power of appointment being vested in one, where only one attends, he has the same implied authority to adjourn, as a majority have where a majority attend. In fact the adjournment, which was made in the absence of the defendant, was for his benefit; because he might have attended at the time appointed for the second meeting, and then he, and the plaintiff if present, might have chosen persons to supply the place of the absent arbitrators. It is so provided in the 18th section of the act. I am of opinion therefore that the adjournment was lawfully made.
2. The second exception is, that it does not appear, that the arbitrator who appointed two others in the place of those who Were absent, did it without consulting the party who was present. The act of assembly directs the appointment to be made without consulting the party who is present, where only one party is present. But it is not necessary that this should appear in the record. We ought to presume that the act was complied with, on the same principle that we presume the arbitrators were Sworn, though not so expressed. If in truth, the party who attended in this case, was consulted as to the appointment of the two new arbitrators, the Court of Common Pleas, that fact being proved, would have set aside the award.
The third exception is, that two of the original arbitrators were present, at the time when the appointment of the new arbitrators were made, and therefore the appointment was not authorised by the 18th section of the' act. If two' had been present, undoubtedly the appointment by one only, would have been void. But that was not the fact. The three original arbitrators were Robert Lamber *290 ion, James Hamilton, and Thomas Carothers. The place of meeting was the house of Carothers. Lamberton attended, Hamilton was absent, and Carothers who was in his own house, refused to act as an arbitrator, because he was interested in the suit. Carothers then, though personally present, was not present as an arbitrator, so that the exception is not founded in fact. I am of opinion on the whole, that there is no error in the record, and therefore the judgment should be affirmed.
Judgment affirmed^